**EXHIBIT A**

**SUMMONS, COMPLAINT FOR DAMAGES and NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR to TRANS UNION, LLC**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** BANK OF AMERICA, NATIONAL
**(AVISO AL DEMANDADO):** ASSOCIATION; FIA CARD SERVICES,
NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC;
TRANS UNION, LLC; and DOES 1 through 20

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**YOU ARE BEING SUED BY PLAINTIFF:** PATRICIA MILLS
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento, la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California
720 Ninth Street
Sacramento, CA 95814

**CASE NUMBER:**
(Número del Caso):
34-2013-00147380

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark E. Ellis; Brandon L. Reeves          (916)283-8820          (916)283-8821
Ellis Law Group, LLP
740 University Ave., Ste. 100
Sacramento, CA 95825

DATE: JUL 2 6 2013          Clerk, by _____ , Deputy
(Fecha)          **C. LEURGANS**          (Secretario)          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

Mark E. Ellis - 127159
Brandon L. Reeves - 242897
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Plaintiff PATRICIA MILLS

FILED
Superior Court Of California
Sacramento

06/27/2013

cleurgans

By_____, Deputy

Case Number:
**34-2013-00147380**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

PATRICIA MILLS,

     Plaintiff,

v.

BANK OF AMERICA, NATIONAL
ASSOCIATION; FIA CARD SERVICES,
NATIONAL ASSOCIATION; EQUIFAX
INFORMATION SERVICES, LLC; TRANS
UNION, LLC; and DOES 1 through 20,

     Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, who alleges:

1.    Plaintiff PATRICIA MILLS is and at all relevant times was an individual residing in the County of Sacramento, State of California.

2.    Plaintiff is informed and believes and thereon alleges that Defendant BANK OF AMERICA, NATIONAL ASSOCIATION is, and at all relevant times was, a national banking association qualified to do business in California.

3.    Plaintiff is informed and believes and thereon alleges that Defendant FIA CARD SERVICES, NATIONAL ASSOCIATION is, and at all relevant times was, a national banking association qualified to do business in California.

- 1 -

1    4.    Plaintiff is informed and believes and thereon alleges that Defendant EQUIFAX

2  INFORMATION SERVICES, LLC is, and at all relevant times was, a limited liability company

3  qualified to do business in California.

4    5.    Plaintiff is informed and believes and thereon alleges that Defendant TRANS UNION,

5  LLC is, and at all relevant times was, a limited liability company qualified to do business in California.

6    6.    The true names and capacities, whether individual, corporate, associate or otherwise, of

7  Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said

8  Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each

9  of the Defendants designated herein as a fictitiously named Defendant is in some manner responsible

10  for the events, debts, and happenings herein referred to, either contractually or tortiously, and caused

11  the damage to Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of

12  DOES 1 through 20, inclusive, it will ask leave of this Court to amend this Complaint by setting forth

13  the true names of said Defendants.

14    7.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,

15  Defendants, and each of them, was, and is, the agent, partner, joint venturer, alter ego, servant or

16  employee of each of the other Defendants, and all of the things alleged to have been done by said

17  Defendants were done in the capacity and within the scope of such agency, partnership, joint venture,

18  or employment.

19    8.    Venue is proper in this Court pursuant to Code of Civil Procedure § 395. The amount

20  demanded herein exceeds $25,000.

21    9.    In or about August 2011, Plaintiff learned that Defendants Bank of America and FIA

22  Card Services were falsely reporting to consumer credit reporting agencies that Plaintiff was

23  responsible for and in default on consumer credit card account number XXXX-XXXX-XXXX-1083

24  which account is apparently issued by FIA Card Services and held solely in the name of Plaintiff's

25  parents. Plaintiff thereafter contacted Defendants about their inaccurate reporting of information to

26  consumer credit reporting agencies regarding the account, but Defendants continued to report such

27  information, and continue to report such false information to the credit reporting agencies to this day.

28  Defendants knew or should have known the information they reported about Plaintiff with respect to

- 2 -

COMPLAINT FOR DAMAGES

1   account number XXXX-XXXX-XXXX-1083 is inaccurate because, among other reasons, Plaintiff

2   never obligated herself to be responsible for said credit card account, the charges on said account were

3   not incurred by Plaintiff, and the account is held only in the name of Plaintiff's parents. Plaintiff never

4   authorized said Defendants to report that the account belonged to her, or that she was responsible for

5   paying the account. Defendants also wrote a letter to Plaintiff on October 11, 2011 and promised that

6   Plaintiff's association with the account would be terminated, but Defendants never followed through

7   on that promise and never corrected their inaccurate reporting of the account as owed by Plaintiff.

8         10.   In January 2012, Plaintiff formally disputed the Bank of America/FIA Card Services

9   credit card account number XXXX-XXXX-XXXX-1083 appearing on her credit reports by sending a

10   written notice of dispute directly to Defendants Equifax Information Services, LLC and Trans Union,

11   LLC. Plaintiff notified Defendants the account was disputed as it did not belong to her, and requested,

12   among other things, permanent deletion of the disputed account from her credit reports. Plaintiff is

13   informed and believes and thereon alleges that said Defendants thereafter failed to (1) perform a

14   reasonable reinvestigation to determine whether the disputed information is accurate, and (2) properly

15   report the results of any reinvestigation to Plaintiff as Plaintiff never received any report from

16   Defendants regarding any action they took to reinvestigate the accuracy of the information appearing

17   on Plaintiff's credit report regarding the account, and the account continues to appear on Plaintiff's

18   credit report as delinquent and as being owed by Plaintiff.

19                         **FIRST CAUSE OF ACTION**

20                     Violation of Civil Code § 1785.25(a)

21       (As to Defendants Bank of America, N.A., FIA Card Services, N.A., and Does 1-20)

22         11.   Plaintiff re-alleges and incorporates by reference all allegations in Paragraphs 1-10

23   above as if set forth fully herein.

24         12.   Defendants Bank of America, FIA Card Services, and Does 1-20 violated Civil Code §

25   1785.25(a) by furnishing information to consumer credit reporting agencies regarding Plaintiff and

26   account number XXXX-XXXX-XXXX-1083 that it knew or should have known is incomplete or

27   inaccurate because, among other reasons, Plaintiff was never obligated nor did she ever obligate

28   herself to be responsible for said credit card account, the charges on said account were not incurred by

- 3 -

COMPLAINT FOR DAMAGES

1   Plaintiff, and the account is held only in the name of Plaintiff's parents.  Plaintiff never authorized said

2   Defendants to report that the account belonged to her, or that she was responsible for paying the

3   account.

4         13.    Defendants willfully and intentionally furnished derogatory information to consumer

5   credit reporting agencies regarding Plaintiff's alleged responsibility for said account in conscious

6   disregard for Plaintiff's rights so as to coerce Plaintiff into paying said account, which account

7   Defendants know is held by Plaintiff's father, and elderly mother who Defendants are aware is unable

8   to work and generate income, and even though Defendants knew the account did not belong to Plaintiff

9   and that Plaintiff was not responsible for paying said account, and even though Defendants also knew

10  that by reporting said account as being owed by Plaintiff such reporting would have negative impacts

11  on Plaintiff's reputation, credit score, and creditworthiness.  Defendants' knowledge of the inaccurate

12  information it reported and continued to report is evidenced by, among other things, Defendants' letter

13  to Plaintiff dated October 11, 2011, in which Defendants acknowledged their improper conduct and

14  represented that Plaintiff would no longer be associated with the account.  But Plaintiff's association

15  with the account continued despite Defendants' promises, and the account continues to appear as an

16  "adverse account" on Plaintiff's credit file maintained by Defendants Equifax and Trans Union.

17        14.    As a direct and proximate result of Defendants' violations, Plaintiff has suffered and

18  continues to suffer actual damages, including, but not limited to, damage to Plaintiff's reputation and

19  credit worthiness, and emotional distress.  Defendants' violations have also caused Plaintiff to incur

20  costs and attorney's fees in order to seek appropriate relief and to enforce her rights under the law.

21  **SECOND CAUSE OF ACTION**

22  **Violation of 15 U.S.C. § 1681i**

23  **(As to Defendants Equifax Information Services, LLC and Trans Union, LLC, and Does 1-20)**

24        15.    Plaintiff re-alleges and incorporates by reference all allegations in Paragraphs 1-14

25  above as if set forth fully herein.

26        16.    Plaintiff is informed and believes and thereon alleges that in or about January 2012,

27  Defendants Equifax Information Services, LLC, Trans Union, LLC, and Does 1-20 violated 15 U.S.C.

28  § 1681i(a)(1)-(2) by failing to perform a reasonable reinvestigation to determine whether the disputed

- 4 -

1  information concerning account number XXXX-XXXX-XXXX-1083 is accurate, and record the

2  current status of the disputed information. If Defendants had performed a reasonable reinvestigation of

3  the disputed account they would have learned, among other things, that Defendants Bank of America

4  and FIA Card Services wrote to Plaintiff on October 11, 2011 and acknowledged their inaccurate credit

5  reporting and promised Plaintiff that her association with the account would be terminated.

6      17.   Plaintiff is informed and believes and thereon alleges that in or about January 2012,

7  Defendants Equifax Information Services, LLC, Trans Union, LLC, and Does 1-20 violated 15 U.S.C.

8  § 1681i(a)(5) to the extent that they actually performed a reinvestigation after receipt of Plaintiff's

9  notice of dispute by failing or refusing to promptly delete or modify the disputed account in Plaintiff's

10  file. Any reasonable reinvestigation would have revealed that the disputed account should be deleted

11  from Plaintiff's file as Plaintiff has never been responsible for paying said account, and Defendants

12  Bank of America and FIA Card Services acknowledged their inaccurate reporting by letter to Plaintiff

13  dated October 11, 2011 that Plaintiff would no longer be associated with the account.

14      18.   Plaintiff is informed and believes and thereon alleges that Defendants Equifax

15  Information Services, LLC, Trans Union, LLC, and Does 1-20 violated 15 U.S.C. § 1681i(a)(6) by

16  failing to provide Plaintiff with written notice of the results of their reinvestigation, if any, following

17  receipt of Plaintiff's written notice of dispute in January 2012. Defendants failed to provide notice of

18  the results of their reinvestigation, if any, as required by 15 U.S.C. § 1681i(a)(6)(A), and in so doing

19  failed to provide the information and revised consumer report required by § 1681i(a)(6)(B). To the

20  extent Defendants performed a reinvestigation, plaintiff is informed and believes and thereon alleges

21  that Defendants Bank of America and FIA Card Services violated 15 U.S.C. § 1681s-2(a)-(b) by,

22  among other things, reporting and continuing to report false and inaccurate information with respect to

23  the disputed account, and failing to comply with their duties to investigate upon receipt of the notice of

24  dispute from Defendants Equifax Information Services, LLC and Trans Union, LLC.

25      19.   Defendants willfully and intentionally failed or refused to properly reinvestigate the

26  derogatory information in Plaintiff's file regarding the disputed account number XXXX-XXXX-

27  XXXX-1083, including Plaintiff's alleged responsibility for said account, in violation of 15 U.S.C. §

28  1681i(a) and in conscious disregard for Plaintiff's rights. Plaintiff's notice of dispute was sent to

COMPLAINT FOR DAMAGES

1    Defendants by certified mail and each Defendant signed for the letter and thereby confirmed their
2    receipt and understanding of Plaintiff's notice of dispute. Yet, with full knowledge that it was likely
3    the disputed account did not belong to Plaintiff, Defendants made the conscious and deliberate
4    decision to not conduct a reasonable reinvestigation as required.  By contrast, another consumer credit
5    reporting agency, Experian, promptly responded to Plaintiff's notice of dispute and informed Plaintiff
6    that the disputed account was not appearing in her credit file.   Defendant Equifax Information
7    Services, LLC never responded to Plaintiff's notice of dispute at all, thereby violating the Fair Credit
8    Reporting Act as set forth above.  Defendant Trans Union, LLC responded to the notice of dispute and
9    initially represented it would investigate the matter and forward the results of its investigation to
10   Plaintiff, but it never actually sent Plaintiff written notice of the results of its reinvestigation, if any, in
11   violation of 15 U.S.C. § 1681i(a)(6), and Plaintiff is informed and believes that said Defendant never
12   did perform a reasonable reinvestigation.

13        20.    As a direct and proximate result of Defendants' violations, Plaintiff has suffered and
14   continues to suffer actual damages, including, but not limited to, damage to Plaintiff's reputation and
15   credit worthiness, and emotional distress.  Defendants' violations have also caused Plaintiff to incur
16   costs and attorney's fees in order to seek appropriate relief and to enforce her rights under the law.

17                    **THIRD CAUSE OF ACTION**
18                **Violation of Civil Code § 1785.17**
19        **(As to Defendants Equifax Information Services, LLC and Does 1-20)**
20        21.    Plaintiff re-alleges and incorporates by reference all allegations in Paragraphs 1-20
21   above as if set forth fully herein.
22        22.    Defendant Equifax Information Services, LLC violated Civil Code § 1785.17(a)(1) on
23   or about January 3, 2012, by charging Plaintiff more than $8.00 for a copy of her credit report and
24   credit score.   On that date, Defendant charged Plaintiff $15.95 for said information and thereby
25   violated California law.
26        23.    As a direct and proximate result of Defendant's violation, Plaintiff has suffered and
27   continues to suffer actual damages according to proof.  Defendant's violation has also caused Plaintiff
28   to incur costs and attorney's fees to seek appropriate relief and to enforce her rights under the law.

                                    - 6 -

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

AS TO THE FIRST AND THIRD CAUSES OF ACTION AGAINST DEFENDANTS BANK OF AMERICA, N.A., FIA CARD SERVICES, N.A., EQUIFAX INFORMATION SERVICES, LLC, AND DOES 1 THROUGH 20 PURSUANT TO CIVIL CODE § 1785.31:

1.   For actual damages according to proof;

2.   For attorney's fees and costs;

3.   For punitive damages of $5,000 against Defendants Bank of America and FIA Card Services and Does 1-20 for each violation;

4.   For injunctive relief requiring Defendants Bank of America and FIA Card Services to remove the false/inaccurate information regarding account number XXXX-XXXX-XXXX-1083 from Plaintiff's credit file that they reported in violation of Civil Code § 1785.25(a); and

5.   For any other legal or equitable relief the Court deems just and proper.

AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; AND DOES 1 THROUGH 20 PURSUANT TO 15 U.S.C. §§ 1681n and 1681o:

1.   For actual damages according to proof, or damages of up $1,000 as to each Defendant;

2.   For attorney's fees and costs;

3.   For punitive damages; and

4.   For any other legal or equitable relief the Court deems just and proper.

Dated: June 27, 2013

ELLIS LAW GROUP, LLP

By _____
Brandon L. Reeves
Attorney for
Plaintiff PATRICIA MILLS

- 7 -

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME:   Gordon D Schaber Courthouse<br>PHONE NUMBER:   (916) 874-5522 | |

| SHORT TITLE:   Mills vs. Bank of America | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br><br>34-2013-00147380-CU-MC-GDS |
|---|---|

## Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 01/23/2014 in Department 36 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

## Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

## Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

## Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

## Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

## Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

## Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 07/26/2013

_Gerrit W Wood_

Gerrit W. Wood, Judge of the Superior Court